# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION NO. 5:19-CV-00837** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **$194,073.14 IN UNITED STATES CURRENCY** | **MAG. JUDGE MARK L. HORNSBY** |

# RULING

Plaintiff United States of America (the "United States") brings this action *in rem* in its own right to forfeit and condemn $194,073.14, in United States currency (referred to herein as "Defendant Property"). Pending here is a Motion for Partial Summary Judgment filed by the United States [Doc. No. 4] seeking a final judgment that Defendant Property be forfeited and condemned for the use of the United States. Claimant Randall B. Lord ("Randall Lord") has filed an opposition [Doc. No. 6]. The United States has filed a reply [Doc. No. 7].

The motion is fully briefed, and the Court is prepared to rule.

## I. FACTS AND PROCEDURAL BACKGROUND

On November 18, 2015, an Indictment issued against Randall Lord and Michael A. Lord ("Michael Lord"), a father and son tandem (hereinafter referred to together as the "Lords"), for multiple counts of conspiracy to operate an unlicensed money transmitting or servicing business ("MSB") in violation of 18 U.S.C. §1960, money laundering in violation of 18 U.S.C. § 1956, failure to file Currency Transaction Reports ("CTRs") in violation of 31 U.S.C. §§ 5313 and 5322, wire fraud in violation of 18 U.S.C. §1343, and drug conspiracy in violation of 21 U.S.C. §846 with criminal forfeiture allegations under 18 U.S.C. § 982 and 31 U.S.C. § 5317.

In April of 2016, the Lords pled guilty to conspiracy to operate an unlicensed MSB, namely

a bitcoin exchange business, under 18 U.S.C. § 371, and Randall Lord agreed to forfeiture of all interests he owns or over which he exercises control, directly or indirectly, in any asset that is subject to forfeiture to the United States. Although the Lords were sentenced to prison and are currently incarcerated, on July 7, 2017, Judge S. Maurice Hicks, Jr., denied the Government's Motion for Preliminary Order of Forfeiture in the criminal case because the Lords did not specifically plead guilty to a forfeitable offense. Judge Hicks found that forfeiture under 18 U.S.C. § 982(a)(1) is only available when there is a conviction for a substantive violation of 18 U.S.C. §§ 1956, 1957, or 1960, but forfeiture is not available when there is a conviction for a *conspiracy* to violate one or more of those statutes. Therefore, no final order of forfeiture was ever entered related to the criminal prosecution.

In each of their respective pleas, however, the Lords explicitly agreed to forfeit all interest in any asset subject to forfeiture directly, or as a substitute asset under 21 U.S.C. § 853(p). *See* [Doc. Nos. 1-1, 1-2, Plea Agreements of the Lords]. Therein, the Lords waived any constitutional and statutory challenges to any forfeiture carried out in accordance with their plea agreements. *See id.*

The Lords also agreed to disclose the existence, nature and location of all assets forfeitable to the United States from 2013 through the date of the plea agreement, April 19, 2016. *See id*. ¶ E. 2. The Lords further agreed that the United States may institute civil judicial forfeiture proceedings against all forfeitable assets and that they would not contest any such proceedings. *See id*. p. 6. ¶ E. 4.

However, the Lords did not disclose the Defendant Property. Instead, in 2018, one of the credit card processors used in the Lords' activities, Total System Services, Inc. (TSYS), contacted

Special Agent Darrin Heusel of the Internal Revenue Service. TSYS notified him that it was holding $194,073.14 at its member bank, First National Bank of Omaha, on behalf of its merchant account with Randall Lord d/b/a Quantum Health, LLC. In 2014, Randall Lord had opened a merchant account with TSYS for credit card processing through Quantum Health, LLC – a shell entity created solely for the purpose of operating the Lords' unlicensed bitcoin exchange. TSYS initially held the funds because a large amount of chargebacks suggested or indicated fraudulent activity. No further action had been taken

Special Agent Heusel executed a Declaration (the "Heusel Declaration") in support of the Seizure Warrant pursuant to 18 U.S.C. § 981(b), [Doc. No. 1-3] averring there is probable cause that Defendant Property was involved in transactions laundering monetary instruments through an unlicensed MSB in violation of 18 U.S.C. §§ 1956 and 1960. He further averred these transactions also represent or are traceable to gross receipts obtained, directly or indirectly, from wire fraud in violation of 18 U.S.C. § 1343.

On December 11, 2018, the United States filed an Application for Seizure Warrant pursuant to 18 U.S.C. § 981(b), which the Magistrate Judge of this Court signed the same day. Following First National Bank of Omaha's issuance of the December 14, 2018 cashier's check to the U.S. Department of Treasury in response to the Seizure Warrant, the United States provided Randall Lord written notice to file an administrative claim within 60 days under 18 U.S.C. § 981 (a)(1)(A)(i).

On April 2, 2019, Randall Lord submitted a Claim of Ownership under 18 U.S.C. § 983(a)(2). [Doc. No. 1-4]. On June 28, 2019, the United States filed a complaint for civil forfeiture pursuant to 18 U.S.C. § 983(a)(3) [Doc. No. 1]. On September 5, 2019, Randall Lord

filed an Answer [Doc. No. 2]. On September 19, 2019, the United States filed the pending motion for summary judgment [Doc. No. 4]. On October 9, 2019, Randall Lord filed an opposition [Doc. No. 6]. On October 11, 2019, the United States filed a reply [Doc. No. 7].

The matter is fully briefed, and the Court is prepared to rule.

## II.  LAW AND ANALYSIS

### A.  Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*.

If a party opposing a summary judgment cannot "make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial, the entry of summary judgment is appropriate." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party opposing a motion for summary judgment may not simply rest upon mere allegations or denials in his pleading, but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. at 256, 106 S.Ct. 2514; see also FED. R. CIV. P. 56(e). Thus, if a party fails to properly address another party's assertion

of fact as required by FED. R. CIV. P. 56 (c), the court may:

    a.    consider the fact undisputed for purposes of the motion under FED. R. CIV. P. 56(e)(2); or,

    b.    grant summary judgment if the motion and supporting materials –including the facts considered undisputed – shows that the movant is entitled to it pursuant to FED. R. CIV. P. 56(e)(3).

**D.**     **Analysis**

The issue here is whether Defendant Property is subject to forfeiture and condemnation pursuant to 18 U.S.C. § 981(a)(1)(A) and (D)(vi).

Pursuant to the civil forfeiture statute, 18 U.S.C. § 981 (a)(1), the following property is subject to forfeiture to the United States:

> (A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, . . . or 1960 of this title, or any property traceable to such property.
>
> (D) Any property, real or personal which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of . . . (vi) section 1343 (relating to wire fraud) . . .

In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property –

> 1. the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;
>
> 2. the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that the property is subject to forfeiture; and
>
> 3. if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

18 U.S.C. § 983(c)(1)-(3).

The Heusel Declaration, which is not disputed by Randall Lord, establishes by a preponderance of evidence that any proceeds found in the name of Quantum Health, LLC, are necessarily traceable to fraudulent activity or the proceeds of a crime [Doc. No. 1-3]. Randall Lord formed Quantum Health, LLC, under the false pretense of being a medical services provider when the sole purpose of the enterprise was to operate an illegal bitcoin exchange. [*Id*. p. 4, ¶11]. Notably, it was only after the Court's ruling in the criminal forfeiture matter that TSYS informed Special Agent Heusel that it was holding funds due to unapproved or fraudulent charges made by Quantum Health. [*Id*., p. 4, ¶12]. During the course of its investigation, the IRS obtained further evidence the Lords had been processing stolen credit cards in exchange for bitcoins [*Id*., p. 4, ¶13] – a direct violation of 18 U.S.C. § 1956.

Randall Lord does not dispute that he plead guilty to conspiracy to operate an unlicensed MSB"), prohibited by 18 U.S.C. §1960, under 18 U.S.C. §371. Further, he does not dispute that part of his plea agreement included waivers of challenges to any forfeiture proceedings against forfeitable assets. He asserts that he has been careful in filing his claim of ownership and answer herein to state that he does not intend to violate the terms of his plea agreement in any way. The plea agreement states that he will not oppose any proceedings against *forfeitable* assets carried out *in accordance with* the plea agreement. His states his concern is only to ensure that the Defendant Property herein is actually subject to forfeiture within the terms of the plea agreement.

Randall Lord concludes that the question is whether or not the remedy of civil forfeiture is available at all under the facts of this case and the applicable statutes, especially in light of the denial of the criminal forfeiture based on the same conduct and in the context of the same plea

agreement. He argues that, for the sake of consistency and due process, it is only appropriate that the issues in civil forfeiture be dealt with the same as they were in the criminal forfeiture. Both procedures seek the same outcome, are both based on the same facts, and are both subject to the same legal landscape of the plea agreement, according to Randall Lord.

The Court finds that, civil asset forfeiture under 18 U.S.C. § 981 is distinct from criminal asset forfeiture under § 982. Congress clearly provided other means by which the Government may recover assets arising from criminal activity under federal law, namely through civil forfeiture. There is a lower burden of proof placed upon the plaintiff in a civil action. And unlike § 982, § 981 expressly states that any property, real or personal, involved in a transaction or attempted transaction in violation of § 1960, or traceable to such property, is subject to civil forfeiture. *Cf* 18 U.S.C. §981(a)(1)(A) and (D)(vi) to 18 U.S.C. § 982(a)(1).

The Court's denial of the Government's Motion for Preliminary Order of Forfeiture in the criminal case does not bar the present action for civil forfeiture. The Court denied the Government's motion for criminal forfeiture simply because conspiracy to operate an unlicensed MSB in violation of 18 U.S.C. § 371 is not an offense for which criminal forfeiture is provided under 18 U.S.C. § 982(a)(1), which is a wholly separate statutory remedy. Therefore, the Court's prior ruling is not dispositive as to the issue of civil forfeiture.

The evidence is uncontradicted that Quantum Health, LLC, is a shell corporation used as an unlicensed MSB, wholly unrelated to the delivery of healthcare as Randall Lord fraudulently claimed. [Doc. No. 1-3, ¶¶11, 38, 39, 42, 43, 45-47]. Randall Lord used his Quantum account to knowingly conceal proceeds from multiple fraudulent transactions. [Doc. No. 1-3, ¶¶6, 11 - 13, 33 – 48]. Clearly, Special Agent Heusel's Declaration establishes a substantial connection between

Defendant Property and the respective offenses cited therein by a preponderance of evidence. *See* 18 U.S.C. § 983(c)(3). Randall Lord has failed to rebut that evidence or raise a genuine issue of material fact.

### III.  CONCLUSION

For the foregoing reasons, the United States' Motion for Summary Judgment [Doc. No. 4] is GRANTED.  Judgment will be entered in favor of the United States ordering that the $194,073.14 in United States currency subject to this *in rem* proceeding be forfeited and condemned for the use of the United States of America, and that Randall Lord's claim be DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 22nd day of October, 2019.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**